20-1766

In the

# United States Court of Appeals for the Fourth Circuit

**Donte Parrish**,
                                            *Plaintiff-Appellant*,

v.

**United States of America**,
                                            *Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of West Virginia

**Brief of Professor Bryan Lammon as Amicus Curiae in Support of Rehearing En Banc**

Bryan Lammon
UNIVERSITY OF TOLEDO COLLEGE OF LAW*
2801 W. Bancroft St.
Toledo, Ohio 43606-3390
(419) 530-4514
bryan.lammon@utoledo.edu

February 6, 2024        *\* For affiliation purposes only.*

# Table of Contents

Table of Contents .................................................................................. i

Table of Authorities ............................................................................. ii

Statement of Identity & Interest of Amicus ............................................ 1

Argument ............................................................................................. 2

    A. Cumulative finality is a longstanding doctrine that gives effect to many premature notices of appeal. ................................................. 4

    B. The Federal Rules of Appellate Procedure include specific applications of the general cumulative-finality doctrine. ................ 6

    C. The cumulative-finality doctrine continues to exist outside of the specific scenarios addressed in procedural rules. ........................... 9

    D. The cumulative-finality doctrine requires giving effect to Parrish's notice of appeal. ............................................................................ 11

Conclusion ......................................................................................... 12

Certificate of Compliance ................................................................... 14

Certificate of Service .......................................................................... 15

# Table of Authorities

**Cases**

*Bldg. Indus. Ass'n of Superior Cal. v. Norton*,
   247 F.3d 1241 (D.C. Cir. 2001) ............................................................5

*Curtis Gallery & Library, Inc. v. United States*,
   388 F.2d 358 (9th Cir. 1967) ................................................................5

*Eason v. Dickson*,
   390 F.2d 585 (9th Cir. 1968) ................................................................5

*Equip. Fin. Grp., Inc. v. Traverse Computer Brokers*,
   973 F.2d 345 (4th Cir. 1992) ..............................................................10

*Evans v. Jones*,
   366 F.2d 772 (4th Cir. 1966) ................................................................2

*Firchau v. Diamond Nat'l Corp.*,
   345 F.2d 269 (9th Cir. 1965) ................................................................4

*FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co.*,
   498 U.S. 269 (1991) ..............................................................................7

*Hodge v. Hodge*,
   507 F.2d 87 (3d Cir. 1975)....................................................................4

*Houck v. Substitute Tr. Servs., Inc.*,
   791 F.3d 473 (4th Cir. 2015) ...................................................2, 10, 11

*In re Rimsat, Ltd.*,
   212 F.3d 1039 (7th Cir. 2000) .........................................................5, 10

*In re Woolsey*,
   696 F.3d 1266 (10th Cir. 2012) .......................................................5, 10

*Jetco Elec. Indus., Inc. v. Gardiner*,
   473 F.2d 1228 (5th Cir. 1973) ..............................................................5

*Jimenez-Morales v. U.S. Att'y Gen.*,
   821 F.3d 1307 (11th Cir. 2016) .......................................................5, 10

*Manrique v. United States*,
   581 U.S. 116 (2017) ............................................................................11

*Markham v. Holt*,
　369 F.2d 940 (5th Cir. 1966) ....................................................................4

*Outlaw v. Airtech Air Conditioning & Heating, Inc.*,
　412 F.3d 156 (D.C. Cir. 2005) ..................................................................7

*Richerson v. Jones*,
　551 F.2d 918 (3d Cir. 1977) .....................................................................5

*Song Jook Suh v. Rosenberg*,
　437 F.2d 1098 (9th Cir. 1971) ..................................................................5

*Williams v. Bernhardt Bros. Tugboat Serv.*, Inc.,
　357 F.2d 883 (7th Cir. 1966) ....................................................................5

*Williamson v. Stirling*,
　912 F.3d 154 (4th Cir. 2018) ...............................................................5, 10

**Rules**

Fed. R. App. P. 4 ................................................3, 4, 6, 7, 8, 9, 10, 11, 12

Fed. R. App. P. 4 (1988) ..............................................................................8

Fed. R. App. P. 29 ........................................................................................1

Fed. R. Civ. P. 54(b) ..................................................................................11

**Other Authorities**

Bryan Lammon, *Cumulative Finality*,
　52 Ga. L. Rev. 767 (2018) ..........................................................1, 2, 4, 7, 10

Bryan Lammon, *Proposed Amendment to Federal Rule of Appellate
　Procedure 4(a)(2)*, No. 20-AP-A (Feb. 9, 2020) .......................................1

15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,
　*Federal Practice & Procedure* § 3914.9 (3d ed. 2022) ..........................2

16 Charles Alan Wright, Arthur R. Miller & Catherine T. Struve,
　*Federal Practice & Procedure* § 3950.5 (3d ed. 2012) .......................2, 7

# Statement of Identity & Interest of Amicus[*]

I am a professor at the University of Toledo College of Law. I study federal appellate jurisdiction, particularly if, when, and how federal litigants can appeal. Through both scholarship and professional service, I work to bring clarity and consistency to this area of the law. And I have given particular attention to the rules governing notices of appeal, including the relation-forward issue that this case implicates.[1] I seek to aid this Court in its exposition and application of the law of federal appellate jurisdiction, a notoriously messy area of law. I take no position on the merits of this appeal.

In accordance with Federal Rule of Appellate Procedure 29(b)(2), I have moved for leave to file this brief. Counsel for both parties have

---

[*] No party or party's counsel authored this brief in whole or in part, no party or party's counsel contributed money that was intended to fund preparing or submitting this brief, and no person other than amicus contributed money that was intended to fund preparing or submitting this brief.

[1] See Bryan Lammon, *Cumulative Finality*, 52 Ga. L. Rev. 767 (2018) (addressing the relation forward of premature notices of appeal); Bryan Lammon, *Proposed Amendment to Federal Rule of Appellate Procedure 4(a)(2)*, No. 20-AP-A (Feb. 9, 2020) (proposing rule amendments concerning the relation forward of notices of appeal), *available at* https://www.uscourts.gov/rules-policies/archives/suggestions/bryan-lammon-20-ap.

consented to its filing.

## Argument

Dating back to at least the 1960s, the federal courts of appeals—including this Court—have given effect to many notices of appeal filed before the time to appeal starts running. *See, e.g.*, *Evans v. Jones*, 366 F.2d 772, 773 (4th Cir. 1966). This practice of relating forward premature notices of appeal is often called "cumulative finality." *See, e.g.*, *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 478–79 (4th Cir. 2015) (applying "the doctrine of cumulative finality"); *see generally* Bryan Lammon, *Cumulative Finality*, 52 Ga. L. Rev. 767 (2018); *see also* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3914.9 (3d ed. 2022); 16 Charles Alan Wright, Arthur R. Miller & Catherine T. Struve, *Federal Practice & Procedure* § 3950.5 (3d ed. 2012). Cumulative finality provides the default rule of federal appellate practice. And it makes good sense; premature notices of appeal (1) notify the court and parties of an appeal before the time to appeal expires and (2) rarely (if ever) cause any harm.

The majority in this case nevertheless deemed a notice of appeal

ineffective because it was filed before the district court reopened the time to appeal. *See* Slip Op. at 10–11. The majority reasoned that the granting of a motion to reopen under Federal Rule of Appellate Procedure 4(a)(6) creates a new, distinct appeal period. *Id.* at 9–11. A notice filed before that new period (a notice that had been construed as a motion to reopen the appeal period and then granted) was ineffective. *Id.* So according to the panel majority, would-be appellants like Plaintiff-Appellant Donte Parrish must file a second—presumably identical—notice of appeal if the district court treats their first notice as a motion to reopen.

As explained in both Judge Gregory's dissent from the panel opinion, Slip Op. at 13–21, and Parrish's Supplemental Petition for Rehearing En Banc, Supp. Pet. at 9–14, nothing in the relevant statutory text or procedural rules requires such make-work. I will not repeat those arguments.

I write to add that the majority opinion conflicts with the above-mentioned cumulative-finality doctrine. The doctrine is longstanding, is reflected in multiple procedural rules, and continues to be the default rule of federal practice in this Court and others. Rehearing en banc is

3

thus necessary not only to correct the panel's error, but also to ensure clarity and consistency in this Court's caselaw.

## A. Cumulative finality is a longstanding doctrine that gives effect to many premature notices of appeal.

The cumulative-finality doctrine can largely be traced back to several decisions from the 1960s and 1970s concerning notices of appeal filed before the entry of a final judgment. *See* Lammon, *supra*, at 781–87. The entry of a final judgment normally starts the appeal clock. *See* Fed. R. App. P. 4(a)(1). So these notices of appeal were filed before the time to appeal had started to run. Courts nevertheless held that these notices were valid.

Courts held, for example, that the entry of a written judgment saved notices of appeal filed after the district court announced its decision but before that entry. *See, e.g., Hodge v. Hodge*, 507 F.2d 87, 89 (3d Cir. 1975); *Markham v. Holt*, 369 F.2d 940, 941–43 (5th Cir. 1966). Courts held that notices filed after the district court dismissed a complaint (but not the entire action) took effect once the district court dismissed the action. *See, e.g., Firchau v. Diamond Nat'l Corp.*, 345 F.2d 269, 271 (9th Cir. 1965). And courts held that the subsequent resolution of all claims in a multi-claim action saved notices of appeal

4

filed after the resolution of only some claims. *See, e.g., Richerson v. Jones*, 551 F.2d 918, 922–23 (3d Cir. 1977). Other examples exist.²

To be sure, not every decision from this time deemed premature notices effective. *See, e.g., Williams v. Bernhardt Bros. Tugboat Serv., Inc.*, 357 F.2d 883, 885 (7th Cir. 1966) (dismissing a premature appeal despite a subsequent entry of judgment, reasoning that the district court lacked jurisdiction to enter the judgment after the appeal had been filed). But much of the caselaw did. And courts continue to do so in a variety of scenarios. *See, e.g., Williamson v. Stirling*, 912 F.3d 154, 170 (4th Cir. 2018); *Jimenez-Morales v. U.S. Att'y Gen.*, 821 F.3d 1307, 1309 (11th Cir. 2016); *In re Woolsey*, 696 F.3d 1266, 1269–72 (10th Cir. 2012) (Gorsuch, J.); *Bldg. Indus. Ass'n of Superior Cal. v. Norton*, 247 F.3d 1241, 1244–45 (D.C. Cir. 2001); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1044 (7th Cir. 2000).

---

2 *See, e.g., Song Jook Suh v. Rosenberg*, 437 F.2d 1098, 1099–1101 (9th Cir. 1971) (holding that the denial of a new-trial motion saved a notice of appeal filed while that motion was pending); *Eason v. Dickson*, 390 F.2d 585, 588 (9th Cir. 1968) (holding that subsequent dismissal of action saved a notice of appeal filed after refusal to convene a three-judge panel); *Curtis Gallery & Library, Inc. v. United States*, 388 F.2d 358, 360 (9th Cir. 1967) (holding that the computation of damages saved a notice of appeal filed after a determination of liability).

These early cases recognized that premature notices of appeal fulfill their notification purpose and rarely (if ever) cause any harm. And these cases established cumulative finality's default rule of federal appellate practice that persists to this day: a notice of appeal is effective despite being filed before the time to appeal has started to run.

**B. The Federal Rules of Appellate Procedure include specific applications of the general cumulative-finality doctrine.**

The cumulative-finality doctrine can be seen in three provisions of the Federal Rules of Appellate Procedure. These rules do not capture all aspects of the doctrine, as each addresses a specific cumulative-finality scenario. But they illustrate the default rule for premature notices, as each provides that a notice of appeal is effective despite being filed before the time to appeal has started to run.

First is Rule 4(a)(2), which provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." The rule addresses the scenario in which a would-be appellant files its notice of appeal before the district court enters the judgment that would start the appeal clock. As the Supreme Court explained in *FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, 498 U.S.

269, 276 (1991), the rule "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment."[3]

So, for example, a notice of appeal is effective despite being filed after the district court has orally announced its decision but before any written judgment. *See FirsTier*, 489 U.S. at 277. The same goes for a notice filed after the district court has resolved some—but not all—of the claims in a multi-claim action, so long as the district court subsequently enters a judgment. *See, e.g.*, *Outlaw v. Airtech Air Conditioning & Heating, Inc.*, 412 F.3d 156, 162–63 (D.C. Cir. 2005); *see also* 16 Wright et al., *supra*, § 3950.5 (citing examples).

Second is Rule 4(a)(2)'s criminal analogue, Rule 4(b)(2). It says that that "[a] notice of appeal filed after the court announces a decision, sentence, or order—but before the entry of the judgment or order—is

---

[3] Several uncertainties exist as to Rule 4(a)(2). *See Outlaw v. Airtech Air Conditioning & Heating, Inc.*, 412 F.3d 156, 162 (D.C. Cir. 2005) (Roberts, J.) ("The reach of Rule 4(a)(2) after *FirsTier* . . . remains somewhat unclear."); Lammon, *supra*, at 795–826 (detailing the intra- and inter-circuit splits on the meaning of Rule 4(a)(2) and its scope). Thankfully, this case does not directly implicate Rule 4(a)(2) nor require this Court to resolve any of these uncertainties.

7

treated as filed on the date of and after the entry." Fed. R. App. P. 4(b)(2).

Third is Rule 4(a)(4), which addresses the effect of a notice of appeal filed before the resolution of certain post-judgment motions. The filing of these motions resets the appeal clock, which starts over when the district court disposes of the last post-judgment motion. *See* Fed. R. App. P. 4(a)(4)(A). Before the rule was amended in 1993, Rule 4(a)(4) expressly required that would-be appellants file a second notice of appeal after the district court disposed of the last post-judgment motion. *See* Rule 4(a)(4) (1988) ("A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above."). This old version of Rule 4(a)(4) frequently resulted in the inadvertent loss of the right to appeal, as "[m]any litigants, especially pro se litigants, fail[ed] to file the second notice of appeal." Fed. R. App. P. 4 advisory committee's note to 1993 amendment. The rule thus created "a trap for an unsuspecting litigant." *Id.*

To disarm this trap, the Supreme Court amended Rule 4(a)(4) in

1993. The time to appeal still runs from the district court's disposition of the last post-judgment motion. *See* Fed. R. App. P. 4(a)(4)(A). But if a notice of appeal is filed before the district court disposes of these post-judgment motions, "the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." *Id.* 4(a)(4)(B)(i).

Each of these rules gives effect to a notice of appeal filed before the time to appeal has started. Each is thus a specific application of the general cumulative-finality doctrine. Indeed, Rule 4(a)(2) expressly stemmed directly from some of the just-discussed early cumulative-finality decisions. *See* Fed. R. App. P. 4 advisory committee's note to 1979 amendment. And when Rule 4(a)(4) deviated from the general cumulative-finality doctrine, its deleterious effect on litigants required an amendment to bring the rule back in line.

C. **The cumulative-finality doctrine continues to exist outside of the specific scenarios addressed in procedural rules.**

To be sure, there is no express procedural rule of cumulative finality that applies to this case. But none is needed. The codified instantiations of cumulative finality do not limit the doctrine's application in other

9

contexts.⁴ The doctrine instead exists alongside those rules.

This Court's decisions recognize as much. They have applied the cumulative-finality doctrine without mentioning any of just-discussed procedural rules. *See Williamson*, 912 F.3d at 170; *Houck*, 791 F.3d at 478–79; *Equip. Fin. Grp., Inc. v. Traverse Computer Brokers*, 973 F.2d 345, 347–48 (4th Cir. 1992). And as Parrish's Supplemental Petition explains, courts (including this Court) have related forward notices of appeal in contexts that these procedural rules do not address. *See* Supp. Pet. at 6–7 (discussing cases saving premature notices of appeal in extension and reopening cases); *see also, e.g.*, *Jiminez-Morales*, 821 F.3d at 1309 (applying cumulative finality in the immigration-appeal context); *Woolsey*, 696 F.3d at 1269–72 (same, but in the bankruptcy-appeal context); *Rimsat*, 212 F.3d at 1044 (same).

---

⁴ In a 2018 article, I suggested that Rule 4(a)(2) superseded the cumulative-finality doctrine. *See* Lammon, *supra*, at 802. That statement was imprecise. That article concerned notices of appeal filed before the entry of a judgment started the appeal clock. The article thus addressed only one aspect of cumulative finality—the aspect that Rule 4(a)(2) concerns. The article did not address other cumulative-finality scenarios like the one at issue in this case, *i.e.*, a notice filed before the time to appeal is reopened.

10

## D. The cumulative-finality doctrine requires giving effect to Parrish's notice of appeal.

The default federal rule is thus one of cumulative finality: courts should give effect to a notice of appeal filed before the time to appeal started running so long as no party is prejudiced.

This is not to say that a notice filed at any time is effective. The notice must come after the decision that a party wants to appeal. *See Manrique v. United States*, 581 U.S. 116, 120 (2017) (noting that Rule 4(b)(1)(A)(i) "contemplate[s] that the defendant will file the notice of appeal *after* the district court has decided the issue sought to be appealed"); *see also* Fed. R. App. P. 4(a)(4)(B)(ii). And when it comes to notices of appeal filed before entry of a judgment, most courts (including this one) require that the notice come after a decision that would have been appealable if the district court had entered a partial judgment under Federal Rule of Civil Procedure 54(b). *See Houck*, 791 F.3d at 479.

But this case implicates none of the foregoing. Parrish's notice of appeal came after the district court resolved all of his claims but before the reopened time to appeal started running. Everyone had notice of Parrish's intent to appeal. And no one would be harmed from giving

11

effect to the premature notice. Applying the cumulative-finality doctrine, this Court should have validated Parrish's premature notice of appeal.

The majority's refusal to do so is inconsistent with the cumulative-finality doctrine. And the majority's decision does not discuss this issue in the broader context of cumulative finality, addressing only premature notices of appeal in the Rule 4(a)(5) context. So the decision is not merely mistaken. It also injects an unacknowledged tension into this Court's cumulative-finality caselaw, which will create confusion and uncertainty in future cases.

## Conclusion

The long-standing cumulative-finality doctrine is all that this Court needs to validate Parrish's notice of appeal. By not applying the doctrine, the majority reached an incorrect decision that muddies this Court's treatment of premature notices of appeal. This Court should grant rehearing en banc.

Respectfully submitted,

Bryan Lammon
UNIVERSITY OF TOLEDO COLLEGE OF LAW*
2801 W. Bancroft St.
Toledo, Ohio 43606-3390
419-530-4514
bryan.lammon@utoledo.edu

*For affiliation purposes only.*

February 6, 2024

**Certificate of Compliance**

This brief complies with the word limit in Federal Rule of Appellate Procedure 29(b)(4) because it contains 2,535 words, excluding the parts of the brief exempted by Rule 32(f).

This brief also complies with the typeface requirements of Rule 32(a)(5) and the style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Mac version 16.81 in 14-point Century Schoolbook.

February 6, 2024                   Bryan Lammon

## Certificate of Service

I certify that on February 6, 2024, I electronically filed the foregoing document with the United States Court of Appeals for the Fourth Circuit using the CM/ECF system. All parties or their counsel are registered as ECF filers and will accordingly be served via the CM/ECF system.

February 6, 2024                                Bryan Lammon